MARCH 15, 1988

No. A–693. DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. v. JOHNSON. Application of the Attorney General of Florida for an order to vacate the stay of execution of sentence of death entered by the United States District Court for the Northern District of Florida, presented to JUSTICE KENNEDY, and by him referred to the Court, denied.

JUSTICE O'CONNOR, with whom THE CHIEF JUSTICE joins, dissenting.

Larry Joe Johnson was scheduled to be executed on March 9, 1988. The State informs us that it was served with a petition for a writ of habeas corpus at about 5:45 p.m. on March 7, 1988. That petition raised an issue, under *Caldwell* v. *Mississippi*, 472 U. S. 320 (1985), in which Johnson claims that the sentencing jury was improperly informed that its role in the sentencing decision was merely advisory. Noting that issues similar or identical to Johnson's *Caldwell* claim are pending before the United States Court of Appeals for the Eleventh Circuit and before this Court, the United States District Court for the Northern District of Florida granted an indefinite stay of execution. The United States Court of Appeals for the Eleventh Circuit denied the State's mo-

tion to vacate the stay. The State then applied to the Circuit Justice for the Eleventh Circuit for a vacation of the stay, and the application was referred to the full Court. Johnson did not file any response, and this Court has voted to deny the application. I respectfully dissent.

The State argues that Johnson has abused the writ of habeas corpus by raising his *Caldwell* claim at this time. The State avers that Johnson had raised the same claim, along with others, in a previous petition for federal habeas, which was filed before this Court's decision in *Caldwell*. The claim was rejected on procedural grounds at that time, and it was not among the issues on which Johnson appealed to the Eleventh Circuit. Our decision in *Caldwell* was announced while the appeal was pending in the Eleventh Circuit, and Johnson apparently did not bring it to the attention of that court. Concluding that the claim was abandoned, the State now urges that Johnson's effort to renew the claim at this time constitutes an abuse of the writ.

In my view, the State is clearly correct to argue that the writ of habeas corpus is abused when a claim is raised in one petition, abandoned on appeal, and then raised again in a successive petition. If Johnson's *Caldwell* claim falls into this category, then the District Court would seem to have abused its discretion by granting an indefinite stay of execution on the ground that *Caldwell* issues are present in other cases pending before the Eleventh Circuit and before this Court.

Without ruling out the possibility that extraordinary circumstances might justify a stay of execution in this case, I note that no such circumstances have been called to our attention. The District Court did not address the argument that the State has made to this Court. The State explains this in the following way. In an effort to facilitate the District Court's consideration of any habeas petition that Johnson might file, it lodged an anticipatory response with that court. That response did not address Johnson's *Caldwell* claim because the State considered that claim abandoned. After Johnson filed his petition on March 7, the State prepared a supplemental response, which it expected to offer to the court at a hearing that was scheduled for the next morning at 10 o'clock. Counsel for the State arrived at 9:30, but "was informed that the hearing was cancelled and that the [District] Court had entered a stay without allowing the State to be heard." The State's attorney filed its written supplemental response with

the Clerk of the District Court, and subsequently filed a motion to vacate the stay with the Eleventh Circuit.

Arguing before the Eleventh Circuit, Johnson gave two reasons for concluding that the District Court had considered and rejected the State's abuse-of-the-writ argument. First, Johnson had anticipated and answered the argument in his petition. Second, the stay of execution was not actually entered until 10:31 a.m. on March 8, by which time the District Court would have had an opportunity to review the State's supplemental response to the petition. Johnson also argued to the Eleventh Circuit that entry of the stay of execution was not an abuse of discretion because he did not "consciously" abandon the *Caldwell* claim he raised on his first petition for federal habeas. Rather, he suggested, in failing to appeal the rejection of that claim his attorneys merely "conceded defeat on the merits."

On March 11, 1988, the Eleventh Circuit denied the State's motion to vacate the stay of execution. No reasons were given, and the only allusion to the State's arguments was the following sentence: "Such denial is without prejudice to [the State's] right to present in district court its argument that petitioner's Caldwell claim is barred because of failure to exhaust, procedural default or otherwise."

The standard under which we consider motions to vacate stays of execution is deferential, and properly so. Only when the lower courts have clearly abused their discretion in granting a stay should we take the extraordinary step of overturning such a decision. In the present case, however, there is no evident legal basis whatsoever for a stay. The State has presented an apparently meritorious argument that Johnson's attempt to raise a *Caldwell* claim at this time is an abuse of the writ, and Johnson's suggestion that his previous abandonment of the claim was a "concession of defeat on the merits," rather than a "conscious abandonment" seems altogether specious. If the District Court refused to consider the State's apparently meritorious argument, that was certainly an abuse of discretion. If the District Court considered the argument but deemed it too insubstantial to require any comment, that too must be considered an abuse of discretion unless and until we are informed of reasons that would justify the implicit rejection of the State's position. The Eleventh Circuit articulated no such reasons, and in fact appeared to indicate that it knew of none.

The Eleventh Circuit seems to have thought that the proper course was to leave the stay in effect, but to indicate that the State was free to return to the District Court and repeat the argument it had sought to present earlier. I disagree. When a stay of execution has been granted without an apparent legal basis, and the court of appeals cannot articulate a reason for leaving the stay in effect, the proper course is to vacate the stay. Because neither the District Court nor the Court of Appeals has articulated an adequate legal basis for entering a stay in this case, I would grant the State's application to vacate. Johnson would, of course, remain free to return to the District Court and seek a stay based on adequate legal grounds, if there are any.

A majority of this Court has previously expressed its disapproval of the litigation tactics that seem to have been employed in this case:

> "This is another capital case in which a last-minute application for a stay of execution and a new petition for habeas corpus relief have been filed with no explanation as to why the claims were not raised earlier or why they were not all raised in one petition. It is another example of abuse of the writ." *Woodard* v. *Hutchins*, 464 U. S. 377, 377–378 (1984) (Powell, J., joined by Burger, C. J., and BLACKMUN, REHNQUIST, and O'CONNOR, JJ., concurring).

While the details of this case are somewhat different, we are faced once again with a last-minute effort to obtain a stay of execution on the basis of a claim that appears to be procedurally barred. Allowing this stay to remain in effect creates incentives that will almost surely lead to similar problems in the future:

> "If this Court defers only to grants of stays, while giving searching review to every denial of a stay, the lower federal courts may in time come to issue stays routinely. In that event, *Barefoot* v. *Estelle*'s statement that stays of execution are not automatic in capital cases, 463 U. S. [880, 895 (1983)], would effectively be overruled." *Wainwright* v. *Booker*, 473 U. S. 935, 936, n. 3 (1985) (Powell, J., concurring).

Accordingly, I respectfully dissent from the Court's denial of the State's application in this case.