Walter J. BLAIR, Appellant,

v.

Paul K. DELO, Appellee.

No. 93–2824.

United States Court of Appeals, Eighth Circuit.

July 20, 1993.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON and HEANEY, Senior Circuit Judges.

ORDER

Walter Blair moves for a stay of execution following the entry of the district court order dismissing his third petition for writ of habeas corpus and the state opposes. We grant the stay.

The district court, while dismissing Blair's petition for writ of habeas corpus, issued a certificate of probable cause. The Supreme court has set out standards in *Barefoot v. Estelle*, 463 U.S. 880, 894, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090 (1983), that a court of appeals may dismiss an appeal on

---

motion for stay which is "frivolous and entirely without merit." We may take such action only if the petitioner's claim is squarely foreclosed by statute, rule or authoritative court decision, or is lacking any factual basis in the record of the case. With respect to successive petitions, such as Blair's, "granting of the stay should reflect the presence of substantial grounds upon which relief might be granted." *Id.* at 895, 103 S.Ct. at 3396.

■ The entire question is whether Blair's third petition states a claim that survives the Supreme court's decision in *Herrera v. Collins,* —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). In *Herrera* there were three separate opinions concurring in the judgment, and there was also a dissent. While we question whether Blair's claim survives *Herrera,* because of the differing views of the several Justices, we cannot conclude without more detailed study that Blair's claim is "frivolous and entirely without merit" or that there is not a substantial question upon which relief might be granted.

Accordingly, we grant a temporary stay of execution and will hear argument on the stay and the merits of the appeal during the week of August 23, 1993.

FLOYD R. GIBSON, Senior Circuit Judge, dissents and would deny the motion to stay.

HEANEY, Senior Circuit Judge, concurring.

I concur fully in this court's order of July 20, 1993. I write separately to re-emphasize my view that Walter J. Blair did not receive a fair trial and to make clear that the newly discovered evidence persuasively demonstrates that Blair is actually innocent of capital murder and that Katherine Jo Allen was murdered by another.

This is the third time that I have heard this capital murder case. When it was first here, I dissented from an opinion upholding Blair's conviction for capital murder. I did so because I believed that (1) the prosecutor knowingly introduced false testimony at trial; (2) the trial court erred by not giving the jury an instruction on first-degree murder as an alternative to the charge of capital mur-

der; and (3) Blair's sentencing hearing at which the death penalty was directed was compromised by the prosecutor's inflammatory closing argument. He told the jury that they should sentence Blair to death because it was cheaper to kill him than to incarcerate him, and he emphasized to the all-white jury that they should choose between the "attractive" sympathetic victim and "this black man." *See Blair v. Armontrout,* 916 F.2d 1310, 1333–52 (8th Cir.1990) (Heaney, J., concurring and dissenting), *cert. denied,* —— U.S. ——, 112 S.Ct. 89, 116 L.Ed.2d 62 (1991).

When the case came before the court the second time on a claim that the state had systematically excluded black men and women from the jury, I again dissented, taking the position that Blair's conviction should be set aside because the state in fact had a long record of systematically excluding blacks from petit juries in the judicial district in which Blair was tried and that it had systematically excluded blacks in Blair's trial. *See Blair v. Armontrout,* 976 F.2d 1130, 1142–48 (8th Cir.1992) (Heaney, J., concurring and dissenting), *cert. denied,* —— U.S. ——, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993).

We now have a new petition, supported by several sworn affidavits, alleging in substance that newly discovered evidence establishes beyond doubt that Blair is actually innocent of capital murder. Blair initially raised this claim in state court. It was denied by the Missouri Supreme Court without hearing or comment for the reason that in Missouri a claim of newly discovered evidence must be made in a motion for new trial within fifteen to twenty-five days of the verdict and that a claim of newly discovered evidence is not cognizable in a state habeas corpus proceeding. The Missouri rule thus *effectively* precludes an actually innocent defendant from raising a claim of innocence in state court. Thus, if there is to be a judicial determination of Blair's claim of actual innocence, it can only be made in federal court.

This latest appeal is controlled by the Supreme Court's recent decision in *Herrera v. Collins,* —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), in which the Court denied habeas relief to a death row petitioner

who claimed he was actually innocent of the crime. The Court assumed in that case, as I do, "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id.* at 869. Because Blair has no avenue open to him in the Missouri courts, and because his claim is considerably more persuasive than the claim made by Herrera, I believe we are required to hear Blair's petition. As Justice Blackmun indicated in *Herrera,* the district court is only "entitled to dismiss the petition if 'it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Id.* at 881 (Blackmun, J., dissenting) (quoting 28 U.S.C. § 2254 Rule 4). At a minimum, it cannot be said that Blair is not entitled to relief on the face of the affidavits he has presented, and, as Justice Blackmun also noted, although Blair's claim is successive, it satisfies the "actual innocence" exception. *See id.* The Supreme Court noted several faults with Herrera's evidence of actual innocence. First, it noted that Herrera presented only affidavits, all but one of which consisted of hearsay. Blair also presents this court with affidavits, and could only present us with something else if the district court were to grant him an evidentiary hearing, but he presents five affiants who testify that Ernest Jones admitted in their presence that he had killed Kathy Jo Allen and framed Blair. These affidavits do not rely on hearsay, for admissions are not hearsay under the federal rules, and these affiants should be heard in open court where the state can cross-examine them.

Second, the Court faulted Herrera's affidavits because they were filed years after his trial with "[n]o satisfactory explanation." *Id.* at 869. All seven of the affiants in this case testify that Ernest Jones had committed multiple murders and that those who knew him lived in fear of him. Tina Jackson, the only affiant who testified at trial, now testifies that her trial testimony was false, that Ernest Jones told her what to say, and that she did so out of fear of him. A justified fear for one's life satisfactorily explains the affiants' failure to come forward earlier, as does the failure of defense counsel to approach these affiants initially.

Third, the Court noted that Herrera's affidavits contained inconsistencies that undermined the claim of actual innocence. On all relevant points, the affidavits presented in this case are astonishingly consistent: Larry Jackson hired Ernest Jones to kidnap Allen, Jones killed Allen, and Jones framed Blair for the crime. None of the inconsistencies the court found troubling in *Herrera* are present in the affidavits.

I continue to believe that Blair did not receive a fair trial for the reasons that I set forth in my earlier dissents. When these claims of unfairness are coupled with a claim of actual innocence, the very least we can do is to make sure that Blair has a hearing on his claim of actual innocence. For that reason I would stay Blair's execution until this court can adequately address his claim.