DELO, SUPERINTENDENT, POTOSI CORRECTIONAL CENTER *v.* BLAIR

No. A-69.   Decided July 21, 1993

PER CURIAM.

The application to vacate the stay of execution presented to JUSTICE BLACKMUN has been referred to the Court.

Applying the prevailing legal standard, it is "particularly egregious" to enter a stay on second or subsequent habeas petitions unless "there are substantial grounds upon which relief might be granted." *Herrera* v. *Collins*, 506 U. S. 390, 425, 426 (1993) (O'CONNOR, J., joined by KENNEDY, J., concurring) (internal quotation marks omitted).   No substantial grounds were presented in the present case.   The District Court stated that the "facts in *Herrera* mirror those in the present case."   No. 93-0674-CV-1 (WD Mo., July 19, 1993). This assessment was not even questioned by the Court of Appeals, and is obviously correct.   There is therefore no conceivable need for the Court of Appeals to engage in "more detailed study" over the next five weeks to resolve this claim.   See 999 F. 2d 1219 (CA8 1993).

It is an abuse of discretion for a federal court to interfere with the orderly process of a State's criminal justice system in a case raising claims that are for all relevant purposes indistinguishable from those we recently rejected in *Herrera.*   Accordingly, the Court of Appeals' stay must be vacated.

JUSTICE SOUTER would deny the application to vacate the stay.

JUSTICE BLACKMUN, with whom JUSTICE STEVENS joins, dissenting.

The Court errs twice in granting the State's application to vacate the Court of Appeals' stay of execution. First, it errs by affording insufficient deference to the Court of Appeals' decision. Second, it errs by letting stand the District Court's decision, which was itself erroneous.

I

"The standard under which we consider motions to vacate stays of execution is deferential, and properly so. Only when the lower courts have clearly abused their discretion in granting a stay should we take the extraordinary step of overturning such a decision." *Dugger* v. *Johnson,* 485 U. S. 945, 947 (1988) (O'CONNOR, J., joined by REHNQUIST, C. J., dissenting). Accord, *Barefoot* v. *Estelle,* 463 U. S. 880, 896 (1983); *Wainwright* v. *Spenkelink,* 442 U. S. 901, 905 (1979) (REHNQUIST, J., dissenting). In this case, the Court of Appeals granted a temporary stay of execution to allow it time properly to consider Blair's appeal. In my view, its decision to do so does not constitute an abuse of discretion.

The State likens this case to *Delo* v. *Stokes,* 495 U. S. 320 (1990), in which this Court vacated a stay of execution because the prisoner's habeas petition "clearly constitute[d] an abuse of the writ." *Id.,* at 321. Although the habeas petition currently before the Court of Appeals is Blair's third, the abuse of the writ doctrine cannot serve as the basis for vacating this stay. Blair's principal contention in his federal habeas petition is that he is actually innocent, and this Court has recognized an exception to the abuse of the writ doctrine where a habeas petitioner can show that he probably is innocent. See *McCleskey* v. *Zant,* 499 U. S. 467, 495 (1991).

## II

The Court's second error is that it lets stand the District Court's decision denying Blair's claim without an evidentiary hearing. In *Herrera* v. *Collins*, 506 U. S. 390 (1993), this Court assumed that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id.*, at 417. The Court provided little guidance about what sort of showing would be "truly persuasive." Yet despite the uncertain contours of this constitutional right, federal courts have an obligation to treat actual-innocence claims just as they would any other constitutional claim brought pursuant to 28 U. S. C. §2254. The rules governing federal habeas, not addressed by the *Herrera* majority, provide that "[a] district court may summarily dismiss a habeas petition only if 'it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.' 28 U. S. C. §2254 Rule 4." 506 U. S., at 445 (dissenting opinion). "If . . . the petition raises factual questions and the State has failed to provide a full and fair hearing, the district court is *required* to hold an evidentiary hearing." *Id.*, at 441 (emphasis added), citing *Townsend* v. *Sain*, 372 U. S. 293, 313 (1963).

In this case, Blair has submitted seven affidavits tending to show that he is innocent of the crime for which he has been sentenced to death. The State does not dispute that no state court remains open to hear Blair's claim. Because Blair's affidavits raise factual questions that cannot be dismissed summarily, the District Court erred in denying petitioner's claim without an evidentiary hearing.